This case is before us on cross-motions for summary judgment; however, plaintiff, after making the first motion, has not responded to defendant’s motion. Plaintiff enlisted in the U.S. Navy, but the Navy thought it had learned that plaintiff lacked a high school diploma and, therefore, that he failed to meet minimum enlistment requirements. This was wrong as plaintiff had received a diploma. Apparently to blame was that perennial culprit, a computer error. Plaintiffs enlistment was "voided,” but he was given the option of resigning (technically, election of separation with a void enlistment) or retention on duty, if his commanding officer approved, but without performance of the training commitments made in his enlistment contract. Plaintiff elected separation, but later learned that the "void enlistment” record was a barrier to civilian employment. He has *753 applied to the Board for Correction of Naval Records, which advised that plaintiffs discharge be corrected to show honorable discharge, and the record has been so corrected. The board refused any pecuniary compensation for the admitted error, and its consequence. Plaintiff has, however, now received $245 for his transportation home, the only clearcut entitlement established by the record correction.
The petition seeks pay and allowance for the remainder of the enlistment period and compensation for various injuries of a tortious nature. The latter is outside our subject matter jurisdiction and cannot be considered further. The pay and allowances are cut off by the voluntary separation election. Christie v. United States, 207 Ct. Cl. 333, 518 F.2d. 584 (1975). Plaintiff here makes no attempt to show the election was secured by duress as defined in Christie. He could have stayed in the Navy and insisted that its error be corrected. Nor was the election obtained by furnishing him false information. We do not, of course, award the Navy any accolades for its careless and shabby treatment of this plaintiff, but our capacity to set the matter right is nil because of the limitations imposed by Congress upon its consent to suit in this court.
Accordingly, upon consideration of the motions, and without oral argument, which the parties waived, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.